# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORMAN L. DISMUKE,**

    **Petitioner,**

  **-vs-**                                                       **Case No. 04-C-1126**

**GARY R. MCCAUGHTRY,**

    **Respondent.**

## DECISION AND ORDER

The petitioner, Norman L. Dismuke ("Dismuke"), who is currently incarcerated at the Waupun Correctional Institution in Waupun, Wisconsin, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 9, 2004, the Court ordered a response to Dismuke's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Subsequently, on December 20, 2004, the Court received two filings, Dismuke's Application to Proceed without Prepayment of Fees and Affidavit, and his Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A.

Dismuke's application to proceed without prepayment of fees is moot insofar as the fee for his petition was paid at the time of its filing. The Court, therefore, proceeds to consider his request for appointment of counsel.

Section 3006A permits a court to appoint counsel for a person seeking relief under 28 U.S.C. § 2254 if (1) the interests of justice require appointment of counsel and (2) the person is financially eligible. 18 U.S.C. § 3006A(a)(2). The interests of justice require appointment of counsel if an evidentiary hearing is required, otherwise appointment of counsel is within the discretion of the district court. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). No evidentiary hearing is yet required in this case, thus, appointment of counsel is within the Court's discretion. In determining whether the interests of justice otherwise require counsel, this Court may consider, among other things, the legal complexity of the case, the factual complexity of the case, and Dismuke's ability to investigate and present his claims. *See Hoggard*, 29 F.3d at 471.

Factually, this case is not complex. In fact, the only factual claim Dismuke makes concerns alleged *Miranda* violations and the factual allegations underlying that claim do not seem to require further development at this time. Additionally, the legal theories applicable to these alleged violations as well as the claimed unconstitutionality of the Wisconsin sentencing scheme are well-stated in Dismuke's petition. Appointment of counsel would do little to advance Dismuke's claims.

The Court notes Dismuke's assertion that he is "not allowed to do research at will." Petitioner's Mot. for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A ¶ 2. Presumably, the conditions of his confinement preclude him from performing research at

2

times of his choosing. This limitation–one likely encountered by most prisoners–does not persuade the Court that the interests of justice require appointment of counsel. Dismuke also states that he requires counsel because he "lacks the necessary resources, skills, and knowledge of in-courtroom protocol." *Id*. at ¶ 3. Again, this observation is likely applicable to any litigant proceeding *pro se*. Dismuke's motion for appointment of counsel–which he acknowledges he drafted himself--demonstrates an ability to articulate ideas in a coherent fashion. Dismuke's submissions to the Court belie any claims that he is not competent or does not possess those skills required to proceed unaided with his petition.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Dismuke's Application to Proceed without Prepayment of Fees and Affidavit (Docket No. 5) is **DISMISSED** as moot.

Dismuke's Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A (Docket No. 4) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 11th day of July, 2005.

           **BY THE COURT**

           s/ Rudolph T. Randa
           **Hon. Rudolph T. Randa**
           **Chief Judge**