# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NORMAN DISMUKE,

        Petitioner,

  -vs-                                   Case No. 04-C-1126

GARY R. McCAUGHTRY,

        Respondent.

## DECISION AND ORDER

Norman Dismuke's ("Dismuke") petition under 28 U.S.C. § 2254 is currently pending in this Court. Dismuke has filed a motion to stay this petition pending his efforts to pursue claims in state court.[1] Presumably, Dismuke hopes to add the claims he is pursuing (or will pursue) in state court to his petition at a later date, once they have been exhausted. Dismuke makes reference to the Court's discretion to stay a "mixed petition," *i.e.*, one which contains both exhausted and unexhausted claims.

Because of statute of limitations concerns, the Supreme Court has held that courts may stay a mixed petition, rather than dismiss it, under limited circumstances. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Dismuke's petition, as it stands, is not technically a "mixed petition" because all of the claims brought in the petition have been exhausted. However, the Court finds

---

[1] Dismuke's motion did not include a certificate of service. In a prior order, the Court noted that Dismuke was required to serve a copy of every paper or document filed with the Court to the respondent or respondent's attorney, and the local rules require that a certificate of service be included with papers filed with the Court. Civil L.R. 7.1(d). However, the respondent received notification of Dismuke's motion through the electronic filing system and failed to respond to the motion, so the Court will proceed to the merits of Dismuke's motion. Dismuke is warned that future filings should include a certificate of service.

that the holding in *Rhines* applies to Dismuke's motion for a stay. There is no reason to distinguish between a "mixed petition" and a petitioner who seeks to amend his petition with unexhausted claims.

Under *Rhines,* the Court may stay Dismuke's petition if he "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Dismuke argues that his appellate counsel failed to include certain claims in his direct appeal. He also attaches letters from his appellate attorney which illustrate that the appeal was filed without his consultation. This establishes good cause for his failure to bring the unexhausted claims. The claims Dismuke hopes to pursue (including a *Miranda* issue), as far as the Court can discern on the bare record before it, are at least potentially meritorious. Finally, there is no indication that Dismuke has engaged in dilatory tactics. Therefore, Dismuke's motion for a stay shall be granted, subject to the conditions set forth below.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Dismuke's motion to stay his petition [Docket No. 11] is **GRANTED**;

2. Dismuke' petition for a writ of habeas corpus is **STAYED IN ABEYANCE** until such time as Dismuke has exhausted his remedies in Wisconsin state court; and

3. Within thirty (30) days after state court exhaustion is completed on such claims, Dismuke shall file in this court a motion to amend his habeas corpus petition to include such claims.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2006.

                                      **SO ORDERED,**

                                      **s/ Rudolph T. Randa**
                                      **HON. RUDOLPH T. RANDA**
                                      **Chief Judge**