# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORMAN DISMUKE,**

        Petitioner,

        -vs-

**Case No. 04-C-1126**

**GARY R. McCAUGHTRY,**

        Respondent.

## DECISION AND ORDER

On December 4, 2006, the Court stayed this mixed petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The Court found that there was good cause for Norman Dismuke's ("Dismuke") failure to previously bring his unexhausted claims and that there was no indication that Dismuke engaged in dilatory tactics. *See Rhines*, 544 U.S. at 278. Therefore, this matter was stayed so Dismuke could exhaust his unexhausted claims.

Eight months later, hearing nothing from Dismuke, the Court ordered Dismuke to file a status report regarding his unexhausted claims. (Docket No. 14). On August 20, 2007, Dismuke informed the Court that he is working with a law student advisor at the University of Wisconsin, but that as of August 17, 2007, nothing was even filed in Wisconsin state court. This is the only status report the Court received from Dismuke.

It is now over a year and a half since Dismuke moved for a stay (Docket No. 11) and over a year since the Court granted his motion. Given this delay, the legitimacy of the stay is in serious question. "A mixed petition should not be stayed indefinitely. . . . Without time

limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.

Accordingly, the record before the Court now indicates that Dismuke engaged in "abusive litigations tactics [and/or] intentional delay." *Id.* As set forth below, Dismuke must convince the Court otherwise, or the stay will be dissolved and his petition will be dismissed as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismuke's other alternative is to proceed on the basis of the exhausted claims only and to abandon his unexhausted claims. *See Rhines* at 278 ("the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** on or before **February 15, 2008**, Dismuke must provide a statement to the Court explaining why the stay in this action should remain in effect. Dismuke should also indicate whether he wishes to proceed on the basis of his exhausted claims and abandon his unexhausted claims.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**