# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORMAN DISMUKE,**

    Petitioner,

                    **Case No. 04-C-1126**

 -vs-

**GARY R. McCAUGHTRY,**

    Respondent.

## DECISION AND ORDER

Norman Dismuke ("Dismuke"), after pleading guilty to a charge of vehicular homicide, is serving a 25-year term of imprisonment. In his petition for relief under 28 U.S.C. § 2254, Dismuke argues that various statements used against him were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Dismuke also argues that Wisconsin's sentencing scheme is unconstitutional. The respondent filed an answer to Dismuke's petition, and this matter was stayed so Dismuke could exhaust remedies in state court. For the reasons that follow, the stay in this matter is lifted and Dismuke's petition is denied.

**I. Stay is lifted**

On December 4, 2006, the Court granted Dismuke's motion and stayed the petition as a "mixed petition" pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The Court found that there was good cause for Dismuke's failure to previously bring his unexhausted claims and that there was no indication that Dismuke engaged in dilatory tactics. *See Rhines*, 544 U.S. at 278.

Eight months later, hearing nothing from Dismuke, the Court ordered Dismuke to file a status report regarding his unexhausted claims. On August 20, 2007, Dismuke informed the Court that he is working with a law student advisor at the University of Wisconsin, but that as of August 17, nothing was even filed in Wisconsin state court. On January 22, 2008, the Court issued another order specifically calling into question the legitimacy of the stay. In response, Dismuke explains that he stopped waiting for help from the law student advisor and instead filed a *pro se* motion in state court. That motion was denied in the circuit court and is now pending in the court of appeals. Dismuke urges the Court to keep his § 2254 petition in abeyance while he finishes the process of exhausting his unexhausted claims. In the alternative, Dismuke states that he will abandon his unexhausted claims and proceed on the basis of the claims presented in his initial petition.

This matter has been stayed for over a year now, and as suggested in the Court's prior order, this is far too long. *See, e.g., Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (normal amount of time that should be allowed for exhaustion is 30 days). While the Court appreciates Dismuke's efforts to exhaust his unexhausted claims, habeas petitioners should not normally be allowed to litigate their claims piecemeal in light of the applicable one-year limitations period. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality [and also] undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277.

-2-

Case 2:04-cv-01126-RTR   Filed 02/05/08   Page 2 of 5   Document 19

## II.     Claims are without merit

As for the remaining claims, federal courts must deny a petition for habeas corpus with respect to any claim adjudicated on the merits in a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if it was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Facts found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. *See* 28 U.S.C. 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

Dismuke was arrested as a result of a car accident that occurred on October 8, 2000. As the responding officer approached the accident scene, he witnessed Dismuke get out of the car, fall to the ground, get back up and run away from the accident scene. After a brief chase, the officer caught Dismuke. After being apprehended, but before being either questioned or advised of his *Miranda* rights, Dismuke blurted out, "I knew you were going to come after me, so I tried to get away."

Dismuke was taken to a nearby hospital, where another police officer read him his *Miranda* rights. Dismuke admitted to being the driver of the car, but Dismuke refused to answer any of the officer's other questions, although he did repeatedly ask the officer if everyone was okay. Later, Dismuke was taken to a police station, where he was again advised of *Miranda* rights. At the police station, Dismuke gave a more extensive statement admitting his involvement in the accident.

The trial court found that the statement Dismuke made to the responding officer after attempting to leave the crime scene was voluntary. Dismuke testified that he was responding to a question posed by the officer, but the trial judge found that the testimony of the officer was more credible. This factual finding is entitled to deference in the absence of clear and convincing evidence to the contrary. Indeed, it would be impossible for Dismuke to produce clear and convincing evidence to overcome the trial court's credibility determination. Accordingly, the state court's ruling that this statement was admissible was not contrary to or an unreasonable application of clearly established federal law. *See Miranda*, 384 U.S. at 478 (voluntary statements are not subject to *Miranda* warnings and are admissible as evidence).

As to the statements made at the hospital and the police station, the trial court found that Dismuke was advised of his *Miranda* rights in both instances and that he never invoked his right to silence. Once again, these factual findings are entitled to deference, and Dismuke does not and can not marshal clear and convincing evidence to overcome this presumption. Therefore, the state court's determinations regarding the second and third statements used against Dismuke were not contrary to or an unreasonable application of clearly established federal law.

Finally, Dismuke argues that Wisconsin's sentencing scheme is unconstitutional. Dismuke raised this argument in the trial court and in the court of appeals, but failed to present this claim in his petition for review to the Wisconsin Supreme Court. (Docket No. 6, Exhibit I). Therefore, Dismuke procedurally defaulted this claim. *See O'Sullivan v.*

-4-

*Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Bintz v. Bertrand*, 403 F.3d 859, 864 (7th Cir. 2005) (failure to present issue in petition for review to Wisconsin Supreme Court constitutes procedural default of claim). Even without the procedural default, the decisions of the circuit court and the court of appeals are not contrary to or an unreasonable application of clearly established federal law.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Dismuke's petition for a writ of habeas corpus is **DENIED**, and this matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2008.

          **SO ORDERED,**

          s/ Rudolph T. Randa
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**